# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

|                          |     |                          |
|--------------------------|-----|--------------------------|
| ALEXANDRIA KIMBLE,       | )   |                          |
|                          | )   |                          |
|     Plaintiff, | )   | No. 2:17-cv-02187-SHM-tmp |
|                          | )   |                          |
| v.                       | )   |                          |
|                          | )   |                          |
| W. RAY JAMIESON, P.C.,   | )   |                          |
|                          | )   |                          |
|     Defendant. | )   |                          |
|                          | )   |                          |
|                          | )   |                          |

## ORDER

Plaintiff brings this action against Defendant for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. (ECF No. 1.)

Before the Court is Plaintiff Alexandria Kimble's May 22, 2017 motion for partial judgment on the pleadings. (ECF No. 13.) Defendant Ray Jamieson, P.C. filed a response on June 23, 2017. (ECF No. 16.) Plaintiff replied on July 7, 2017. (ECF No. 19.)

Also before the Court is Defendant's October 11, 2017 motion to dismiss, or, in the alternative, motion to compel arbitration. (ECF No. 23.) Plaintiff responded on November 8, 2017. (ECF No. 24.)

For the following reasons, Plaintiff's motion for partial judgment on the pleadings is GRANTED in part and DENIED in part. Defendant's motion to dismiss, or, in the alternative, motion to compel arbitration is GRANTED in part and DENIED in part.

## I.   **Background**

On February 2, 2017, Defendant sent Plaintiff a letter addressing a debt Plaintiff owed J.R.'s Auto Sales, Inc. (<u>Id.</u> ¶ 22; Answer, ECF No. 11 ¶ 22 (admitted).) The letter stated, in relevant part, that:

> The debt will be assumed to be valid unless you notify this office or the creditor in writing of any dispute concerning this debt or any portion thereof within thirty (30) days after you receive this letter.
>
> This office will provide you with the name and address of the original creditor, if different from the current creditor, if you request this in writing within 30 days.
>
> If you do dispute this debt, then this office will provide verification of the debt to you.
>
> This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

(ECF No. 1-1.)

On February 14, 2017, Defendant filed suit in state court against Plaintiff on behalf of J.R.'s Auto Sales, Inc. (ECF No. 1 ¶ 29; ECF No. 11 ¶ 29; ECF No. 1-2.)

On March 17, 2017, Plaintiff filed her complaint in this court against Defendant for violation of 15 U.S.C. §§ 1692g(a)(3)-(4) and 1692e.  (ECF No. 1 ¶¶ 35-47.)  Defendant filed its Answer on May 8, 2017.  (ECF No. 11.)

On May 22, 2017, Plaintiff filed her motion for partial judgment on the pleadings.  (ECF No. 13.)  Defendant filed its response on June 23, 2017.  (ECF No. 16.)  Plaintiff replied on July 7, 2017.  (ECF No. 19.)

On October 11, 2017, Defendant filed its motion to dismiss, or, in the alternative, motion to compel arbitration.  (ECF No. 23.)  Plaintiff responded on November 8, 2017.  (ECF No. 24.)

## II.  Jurisdiction & Choice of Law

The Court has jurisdiction over Plaintiff's federal-law claims.  Under 28 U.S.C. §§ 1331, United States district courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  The complaint alleges that Defendant discriminated and retaliated against Plaintiff in violation of the FDCPA.  (ECF No. 1 ¶ 2.)  That claim arises under the laws of the United States.

## III. Standard of Review

### A. Judgment on the Pleadings & Motion to Dismiss

"After the pleadings are closed -- but early enough not to delay trial -- a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard governing a motion to dismiss under Rule 12(b)(6) applies to a motion for judgment on the pleadings. Warrior Sports, Inc. v. Nat'l Collegiate Athletic Ass'n, 623 F.3d 281, 284 (6th Cir. 2010) (citing EEOC v. J.H. Routh Packing Co., 246 F.3d 850, 851 (6th Cir. 1973)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577, 581 (6th Cir. 2007).

To survive a plaintiff's Rule 12(c) motion, a defendant's pleadings must contain sufficient facts "to 'state a [defense] that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Bare allegations without a factual context do not create defenses that are plausible. Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 374 (6th Cir. 2011). "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that [the defendant] has acted [ ]lawfully." Id. (citing Twombly, 550 U.S. at 556).

"A Rule 12(c) motion 'is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" JPMorgan, 510 F.3d at 582. (quoting Paskvan v. City of Cleveland Civil Serv. Comm'n, 946 F.2d 1233, 1235 (6th Cir. 1991)).

## B. Fair Debt Collection Practices Act ("FDCPA") Claims
### 1. Claim

To state a claim under the FDCPA, a plaintiff must plead (1) that the money or property subject to collection qualifies as a "debt" under § 1692a(5); (2) that the entity acting as a collector qualifies as a "debt collector" under § 1692a(6); and (3) that the debt collector violated one of the FDCPA's provisions. Stamper v. Wilson & Assocs., No. 3:09-cv-270, 2010 WL 1408585, at *3 (E.D. Tenn. Mar. 31, 2010); accord Pearson v. Specialized Loan Servicing, LLC, No. 1:16-CV-318, 2017 WL 3158791, at *4 (E.D. Tenn. July 24, 2017).

Defendant does not dispute that all three elements are satisfied. Defendant contends only that its violations were *de minimis*. (ECF No. 16 at 76; Def's Mot. to Dismiss, ECF No. 23

at 137.)  Defendant asserts four grounds for dismissal: (1)
lack of standing, (2) failure to file a compulsory counterclaim
in state court, (3) required arbitration, and (4) a de minimis
violation.  (ECF No. 16 at 81-88; ECF No. 23 at 142-48.)

### 2. Section 1692g(a)

The purpose of the FDCPA is "to eliminate abusive debt
collection practices by debt collectors, to insure that those
debt collectors who refrain from using abusive debt collection
practices are not competitively disadvantaged, and to promote
consistent State action to protect consumers against debt
collection abuses."  15 U.S.C. § 1692(e).  The FDCPA fulfills
this purpose in part by requiring a debt collector to provide
the consumer with written notice of the consumer's right to
dispute ("dispute right") and seek verification of an alleged
debt and to obtain the name and address of the original
creditor within 30 days after receiving notice of the debt from
a debt collector ("verification right").  Id. §§ 1692g(a)(4)
and (5), 1692g(b).  If a consumer exercises those rights, the
debt collector must "cease collection of the debt" until the
debt collector provides verification of the debt or the name
and address of the original creditor.  Id. § 1692g(b).  Debt
collectors must inform consumers of those rights in a written
notification "[w]ithin five days after the initial

communication with a consumer in connection with the collection of any debt." Id. § 1692g(a).

Section 1692g(a) expressly outlines what a written notification must contain:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Id. § 1692g(a)(3)-(a)(5).

Both subsections 1692g(a)(4) and (5) impose a writing requirement on the debtor. The Sixth Circuit has not addressed whether § 1692g(a)(3) also imposes a writing requirement, and circuit courts of appeals are split. See Mellinger v. Midwestern Audit Serv., Inc., No. 11-CV-11326, 2012 WL 405008, at *4 (E.D. Mich. Feb. 8, 2012) (discussing circuit split on whether subsection (a)(3) imposes a writing requirement). The parties agree that § 1692g(a)(3) does not require a writing.

(ECF No. 16 at 78 ("The debtor's notice of the right to dispute provision in 15 U.S.C. § 1692g(a)(3) is the only subsection of § 1692g(a) that does <u>not</u> require a writing." (emphasis in original)); Def's Mot. to Dismiss, ECF No. 23 at 139 (same); ECF No. 13 at 56.)

## IV. Analysis

Defendant states four grounds for dismissal: (1) Plaintiff lacks standing given <u>Spokeo, Inc. v. Robins</u> ("<u>Spokeo I</u>"), 136 S. Ct. 1540, 1547 (2016), <u>as revised</u> (May 24, 2016); (2) Plaintiff must first arbitrate her claims under the contract between Plaintiff and J.R.'s Auto Sales, Inc.; (3) Plaintiff is precluded from bringing suit under Federal Rule of Civil Procedure 13 because she did not bring a compulsory counterclaim in state court; and (4) Defendant's violations were de minimis. (ECF No. 16 at 81-88; ECF No. 23 at 142-48.)

### A. Standing

Defendant argues that Plaintiff lacks standing to bring claims under §§ 1692g(a)(3)-(4). (ECF No. 16 at 83; ECF No. 23 at 142.) Defendant contends that Plaintiff has failed to establish the "concrete injury" required by <u>Spokeo I</u>. (ECF No. 16 at 83; ECF No. 223 at 144-46.)

Article III of the Constitution limits the jurisdiction of federal courts to "cases and controversies." U.S. Const. art. 3, § 2. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The plaintiff bears the burden of establishing standing. Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009). To establish standing a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo I, 136 S. Ct. at 1547 (citing Lujan, 504 U.S. at 560). An injury in fact must be both "concrete" and "particularized." Id. "A 'concrete' injury must be 'de facto'; that is, it must actually exist." Id. (citing Black's Law Dictionary 479 (9th ed. 2009)). "For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" Id. (quoting Lujan, 504 U.S. at 560).

In Spokeo I, the Supreme Court opined that "[a] violation of one of the [Fair Credit Reporting Act of 1970 (FCRA)]'s procedural requirements may result in no harm" and is not a justiciable "concrete and particular" injury. Id. at 1548, 1550. In some circumstances, however, procedural violations

that lead to "intangible injuries can nevertheless be
concrete." Id. at 1549 (citing injuries to free speech and
free exercise rights). "[T]he violation of a procedural right
granted by statute can be sufficient in some circumstances to
constitute injury in fact," and thus a plaintiff "need not
allege any *additional* harm beyond the one Congress has
identified." Id. 1549-50 (emphasis in original) (citing cases
about failure by organizations to publicly disclose certain
information required by statute). Since Spokeo I, courts have
attempted to identify which statutory procedural violations
require a separate showing of concrete injury and which, by
themselves, manifest a concrete injury.

The Sixth Circuit recently applied Spokeo I to an FDCPA
procedural violation in Lyshe v. Levy, 854 F.3d 855 (6th Cir.
2017). The court held that a consumer does not suffer an
automatic concrete injury every time the consumer receives
false information during the debt collection process. Lyshe,
854 F.3d at 860-61.

Lyshe sought damages under the FDCPA because the defendant
debt collector had misrepresented to him that Ohio court rules
require responses to requests for admission be sworn and
notarized. See id. at 858. Lyshe did not "allege that he was
misled, that he felt compelled to make a sworn verification or

10

engage a notary, or that he even responded to the challenged requests." Id. at 857. Lyshe argued, based on the Eleventh Circuit's decision in Church v. Accretive Health, 654 F. App'x. 990 (11th Cir. 2016), that he had suffered a concrete injury when the debt collector infringed on his "right not to receive false information in connection with the collection of a debt." Id. at 860.

The Sixth Circuit "decline[d] to follow" Church and held that a consumer's receipt of false information about a state procedural rule, standing alone, does not automatically result in a concrete injury under Article III. Id. at 859-62. The Sixth Circuit emphasized the Second Circuit's reasoning in Strubel v. Comenity Bank, 842 F.3d 181, 190 (2d Cir. 2016). See id. at 861.

The Second Circuit in Strubel stated that "Spokeo [I], and the cases cited therein . . . instruct that an alleged procedural violation can by itself manifest concrete injury [1] where Congress conferred the procedural right to protect a plaintiff's concrete interests and [2] where the procedural violation presents a 'risk of real harm' to that concrete interest." Strubel, 842 F.3d at 190 (emphasis added) (quoting Spokeo I, 136 S.Ct. at 1549). See also Robins v. Spokeo, Inc. ("Spokeo II"), 867 F.3d 1108, 1116 (9th Cir. 2017) (citing

<u>Strubel</u>) (It is possible that "the statute would have been violated, but that violation alone would not materially affect the consumer's protected interests. . . ."). If the procedural violation by itself does not present a "material risk of harm" to the concrete interest Congress sought to protect, the plaintiff must allege additional, concrete harm arising from that procedural violation. <u>See</u> <u>Strubel</u>, 842 F.3d at 190; <u>see also</u> <u>Spokeo I</u>, 136 S.Ct. at 1544.

Here, Congress established the procedure in § 1692g to protect consumers' concrete interests from abusive debt collection practices. Mere violation of any particular procedure, however, does not necessarily present a material risk of harm to that underlying interest. Plaintiff's claims illustrate this point.

Plaintiff claims Defendant failed to properly notify her that her dispute right might be oral or written under § 1692g(a)(3), and that her verification right must be made in writing under § 1692g(a)(4).

The portion of the notification to Plaintiff that is alleged to violate § 1692g(a)(3) reads:

> The debt will be assumed to be valid unless you notify this office or the creditor <u>in writing</u> of any dispute concerning this debt or any portion thereof

within thirty (30) days after you receive this
letter.

(ECF No. 1-1 (emphasis added).)

Although § 1692g(a)(3) does not have a writing
requirement, see supra, failure to properly notify a consumer
under § 1692g(a)(3) that the dispute may be written or oral
does not present a material risk of harm to the consumer
herself.  That is especially true where the debt collector's
policy is to honor both oral and written disputes.  The
procedural violation does not manifest a concrete injury
because the consumer may not be harmed no matter how she
disputes her debt.  To establish standing for that procedural
violation, Plaintiff must establish a concrete injury arising
from Defendant's failure to properly notify her that her
dispute right might be oral or written under § 1692g(a)(3).

Determining whether there is a concrete injury requires a
factual inquiry.  In Spokeo I the inquiry focused on whether
the procedural violation -- misstating facts about the
plaintiff's life -- created an actual harm to, or presented a
material risk of harm to, plaintiff's concrete interest in
preventing the transmission of inaccurate information about him
in consumer reports.  On remand, the Ninth Circuit found that
it did.  Spokeo II, 867 F.3d at 1117 ("[W]e agree with Robins
that information of this sort (age, marital status, educational

13

background, and employment history) is the type that may be important to employers or others making use of a consumer report.")

Plaintiff has not alleged facts to establish that she suffered a concrete injury arising from Defendant's § 1692g(a)(3) violation. Plaintiff's request for judgment on the pleadings on that ground is DENIED. Because Plaintiff's complaint fails to establish a concrete injury arising from Defendant's § 1692g(a)(3) violation, Plaintiff lacks standing to bring her claim. Defendant's motion to dismiss that claim based on lack of standing is GRANTED. That claim is DISMISSED.

Plaintiff has standing to bring her claim under § 1692g(a)(4). Failure to properly notify a consumer under § 1692g(a)(4) that the consumer's right to verification will be honored only if made in writing presents a material risk of harm to the consumer. Congress created the procedural requirements of the FDCPA to prevent debt collectors from engaging in collection practices that might confuse or deceive debtors. See Wallace v. Washington Mut. Bank, F.A., 683 F.3d 323, 326–27 (6th Cir. 2012); S. REP. 95-382, 1, reprinted in 1977 U.S.C.C.A.N. 1695, 1696 (The FDCPA's "purpose is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing

unnecessary restrictions on ethical debt collectors.") There
is a material risk of harm that a consumer might forego her
verification right by disputing the debt orally in reliance on
the debt collector's procedural violation. Failure to notify
the consumer of the writing requirement under § 1692g(a)(4) by
itself constitutes a concrete injury.

Here, Defendant's letter stated that, "[i]f you do dispute
the debt, then this office will provide verification of the
debt to you." (ECF No. 16 at 97.) That statement lacks the
specificity of the statement that "[t]his office will provide
you with the name and address of the original creditor, if
different from the current creditor, if you request this in
writing within 30 days." (Id. (emphasis added)). On its face,
the Defendant's letter to Plaintiff does not make it clear that
a writing is required to verify the debt. Defendant's letter
to Plaintiff violates the procedure set out in § 1692g(a)(4).
See 15 U.S.C. § 1692g(a)(4)("a statement that if the consumer
notifies the debt collector in writing within the thirty-day
period that the debt, or any portion thereof, is disputed, the
debt collector will obtain verification of the debt or a copy
of a judgment against the consumer and a copy of such
verification or judgment will be mailed to the consumer by the
debt collector"). That violation itself creates a "material

risk of harm" to the concrete interest Congress sought to protect.  Plaintiff need not allege additional, concrete harm arising from that procedural violation.  Plaintiff has standing to bring her § 1692g(a)(4) claim.  Plaintiff's motion for partial judgment on the pleadings on that claim is GRANTED. Defendant's motion to dismiss that claim is DENIED.

### B. Arbitration

Defendant argues that Plaintiff is precluded from bringing suit against it because the contract between Plaintiff and J.R.'s Auto Sales, Inc. requires arbitration.  (ECF No. 16 at 86; ECF No. 23 at 148-50.)  Defendant moves to compel arbitration based on that contract.  (ECF No. 23.)

The Federal Arbitration Act ("FAA") provides that "on application of one of the parties" a court may stay the trial of an action until an arbitration has been had in accordance with the terms of the parties' arbitration agreement.  9 U.S.C. § 3.  Courts must "'rigorously enforce' arbitration agreements according to their terms."  <u>Am. Express Co. v. Italian Colors Rest.</u>, 133 S.Ct. 2304, 2309 (2013) (citation omitted).  Before a court can refer a matter to arbitration, a party must file a motion requesting a matter be referred to arbitration.  9 U.S.C. § 6.  Even if the Court were to construe Defendant's

16

response as a motion to compel arbitration, Defendant's request would be denied.

J.R.'s Auto Sales, Inc. and Plaintiff entered into a retail installment contract and security agreement (the "Contract") on February 20, 2016. (Kimble v. J.R.'s Auto Sales, Inc., 2:17-cv-2100-SHL-egb (W.D. Tenn.), ECF No. 8-1.) The Contract included an arbitration provision. (Id. at 26.) The provision states that:

> any claim or dispute in contract, tort, statute or otherwise between [Plaintiff] and [J.R.'s Auto Sales, Inc.] or [J.R.'s Auto Sales, Inc.'s] employees, agents, successors or assigns that arises out of or relates to [Plaintiff's] credit application, this Contract or any resulting transaction or relationship, including those with third parties who do not sign this Contract, is to be decided by a neutral binding arbitration.

(Id.) Defendant was not a party to the Contract. Defendant does not argue and the pleadings do not demonstrate that Defendant is J.R.'s Auto Sales, Inc.'s employee, agent, successor, or assign for the purposes described in the arbitration provision. (See generally, ECF Nos. 16, 23, 23-1.) The plain language of the arbitration provision does not apply to Defendant or to Plaintiff's claims under the FDCPA. Defendant's argument that Plaintiff is precluded from bringing suit against it absent arbitration fails. Defendant's motion to compel arbitration is DENIED.

**C. Compulsory Counterclaim**

Defendant argues that Plaintiff's claims are barred under Federal Rule of Civil Procedure 13 ("Rule 13") because Plaintiff failed to file them as a compulsory counterclaim in state court. (ECF No. 16 at 87-88; ECF No. 23 at 147.)

Rule 13 provides:

> A pleading must state as a counterclaim any claim that -- at the time of its service -- the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13.

The state-court action to which Defendant refers is "J.R.'s Auto Sales, Inc. v. Alexandria Kimble, Docket No 1846304 in the Court of General Sessions of Shelby County, Tennessee." (ECF No. 16 at 87; ECF No. 23 at 147.) Defendant was not a party to that action. (ECF No. 1-2.) Plaintiff did not bring her FDCPA claims against Defendant in state court. She was not required to add Defendant as a party to the state court proceeding for that purpose. Rule 13 applies to counterclaims in federal court, not state court. Defendant's argument that Plaintiff's claims are barred by Rule 13 fails. Defendant's motion to dismiss on that ground is DENIED.

## D. De Minimis Violation

Defendant argues that the "alleged cited errors in Defendant's February 2, 2017 notice of debt letter are so minor or technical, that [Plaintiff] certainly cannot claim she was deprived of any right to contest the debt." (ECF No. 16 at 77; ECF No. 23 at 137.) Defendant also argues that any violation was de minimis because:

> Plaintiff's conduct in this case certainly evidences that she understood the significance of the notice of debt letter, understood her rights, responded, appeared in court and was not confused as to what she could do and in fact, did do in this case, i.e., appear in the General Sessions court, dispute the debt, and ask for a trial setting. Based on Plaintiff's general appearance in State Court, her statement disputing/contesting the debt, the matter was continued to March 15, 2017, and set for trial. Plaintiff certainly cannot claim to be a most gullible consumer or a least sophisticated consumer. She had already filed a Federal court case against the creditor and now she and her counsel seek to procure a financial reward based upon a statutorily confused technicality without any substantive "cognizable injury" sustained by the plaintiff[.]

(ECF No. 16 at 77; ECF No. 23 at 137-38.)

Those arguments fail. First, the FDCPA must be enforced as written, even if the violation is innocent or de minimis. Brown v. Hosto & Buchan, PLLC, 748 F. Supp. 2d 847, 851 (W.D. Tenn. 2010); Deere v. Javitch, Block & Rathbone LLP, 413 F. Supp. 2d 886 (S.D. Ohio 2006). The FDCPA does provide debt collectors the opportunity to raise a bona fide error defense.

19

Under the FDCPA, "[a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error."  15 U.S.C. § 1692k(c).  A defendant debt collector who wishes to raise a bona fide error defense must establish three elements: "(1) the violation was unintentional; (2) the violation was a result of a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid any such error."  <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA</u>, 538 F.3d 469, 476–77 (6th Cir. 2008), <u>rev'd on other grounds</u>, 559 U.S. 573, (2010).  Although Defendant represents the violation was unintentional, it has not alleged the second and third elements necessary to raise a bona fide error defense.  Its de minimis violation argument fails.

"In determining whether any particular conduct violates the FDCPA, the courts have used an objective test based on the least sophisticated consumer."  <u>Harvey v. Great Seneca Fin. Corp.</u>, 453 F.3d 324, 329 (6th Cir.2006).  That standard "is lower than simply examining whether particular language would deceive or mislead a reasonable debtor" because the "basic purpose . . . is to ensure that the FDCPA protects all

consumers, the gullible as well as the shrewd." <u>Fed. Home Loan</u>
<u>Mortg. Corp. v. Lamar</u>, 503 F.3d 504, 509 (6th Cir. 2007).  The
standard also "prevents liability for bizarre or idiosyncratic
interpretations of collection notices by preserving a quotient
of reasonableness and presuming a basic level of understanding
and willingness to read with care." <u>Id.</u> at 510 (internal
citation omitted).  "[I]t is well-settled that courts may
properly make the objective determination whether language
effectively conveys a notice of rights to the least
sophisticated debtor." <u>Lamar</u>, 503 F.3d at 508 n.2 (internal
quotations omitted).  The Court must determine as a matter of
law whether the notice sent to Plaintiff conveyed the
appropriate disclosures to the least sophisticated consumer,
not whether Plaintiff subjectively understood her rights.
Applying that standard, the notice was inadequate.  Defendant's
violation created a material risk of harm.  <u>See</u> <u>supra</u> Part
IV.A.

**V.    Conclusion**

For the foregoing reasons, Plaintiff's motion for partial
judgment on the pleadings is GRANTED in part and DENIED in
part.  Plaintiff's motion is GRANTED on Plaintiff's
§ 1692g(a)(4) claim.  Plaintiff's motion is DENIED on
Plaintiff's § 1692g(a)(3) claim.  That claim is DISMISSED for
lack of standing.  Defendant's motion to dismiss, or, in the

alternative, motion to compel arbitration is GRANTED in part and DENIED in part. Defendant's motion to dismiss for Plaintiff's failure to file a compulsory counterclaim in state court is DENIED. Defendant's motion to dismiss Plaintiff's § 1692g(a)(4) claim for lack of standing is DENIED. Defendant's motion to dismiss Plaintiff's § 1692g(a)(3) claim for lack of standing is GRANTED. Defendant's motion to compel arbitration is DENIED.

So ordered this 9th day of February, 2018.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT COURT JUDGE